THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

CIVLR 5.4, 7.1(a)(1)
(Rule Number/Section)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 21 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES OF AMERICA,

    Plaintiff,

              Criminal No. CR-15-00924-PHX-GMS

-vs-          Civil No. 2:17-CV-01618-GMS-JZB

PARRIS FRAZIER,     MOTION AMENDING ORIGINAL MOTION

    Defendant/Movant,  UNDER 28 USC § 2255

    COMES NOW, the Defendant/Movant, Parris Frazier, acting in the Pro se, whom makes the following amendments to his original motion under 28 USC § 2255. The amendments cover a new argument centered upon a claim of actual innocence and various clarifications and additions to Defendant/Movants original ineffective assistance of counsel claim.

### NEW ARGUMENT - CLAIM OF ACTUAL INNOCENCE

    In order to claim actual innocence a Defendant must show that they are factually innocent of the offense charged. Actual Innocence is defined as the absence of facts that are prerequisites for the sentence given to a defendant.

    Defendant/Movant was sentenced to 84-months incarceration and 5-years supervised release for a violation of 18 USC § 924(c)(1)(A)(I) [Possession of a Firearm in Furtherance of a Drug Trafficking Offense]. A <u>drug trafficing offense</u> is a prerequisit/predicate fact required to sustain the offense codified at 18 USC § 924(c)(1)(A)(I). Document # 5-1 of Case # 2:17-CV-01618-GMS-JZB

clearly shows this at page #2. "Movant was not sentenced for the §924(c) and a predicate offense, he was only sentenced for the §924(c) offense." Footnote 1 on page #2 states: "In this instance, the 'predicate offense' is the crime of violence or drug trafficing crime during which the firearm was used, carried, or possessed."

Here is the problem, Defendant/Movant was not sentenced to any predicate offense which is needed/required to sustain the 18 USC §924(c)(1)(A)(I) violation and sentence. Without a predicate offense Defendant/Movant's "possession of a firearm [was] in furtherance of [a nonexistant prerequisit offense]." If Defendant/Movant's possession of a firearm was not in furtherance of a prerequisit/predicate offense as required by 18 USC §924(c)(1)(A)(I) then said possession of a firearm was not unlawful, and Defendant/Movant is Actually/Factually Innocent of violating 18 USC §924(c)(1)(A)(I) for lack of a prerequisit/predicate offense in the form of a so required "drug trafficing offense."

Without a predicat offense in the form of a "drug trafficing offense," a prerequisit fact absent from the judgment, Defendant/Movant asserts the claim that he is Actually Innocent of 18 USC §924(c)(1)(A)(I). Wherefore, for the above plain and evident reasoning and grounds Movant/Defendant respectfully requests that the judgment in CR-15-000924-PHX-GMS be set aside a void, with prejudice, as to all matters of fact and discovery within said case record, and that Defendant/Movant be issued a Certificate of Actual Innocence. All in the interest of justice.

## Clarifications and Additions to Ineffective Assistance of Counsel Argument

Relevant Cases:

<u>Groseclose v. Bell</u>, 130 F.3d 1161, 1169-1170 (6th Cir. 1997)
This case describes defense counsel's "failure to have any defense theory whatsoever" and "failure to conduct any meaningful adversarial challenge" as "especially appalling" in holding an attorney ineffective.

<u>Prou v. United States</u>, 199 F.3d 37, 48 (1st Cir. 1999)
This case states that when "an attorney fails to raise an important, obvious defense without any imaginable strategic or tactical reason for the omission, his performance falls below the standard of proficient representation that the constitution demands."

<u>Woodard v. Collins</u>, 898 F.2d 1027, 1029 (5th Cir. 1990)
This case states that "when a lawyer advises his client to Plea bargain to an offense which the attorney has not investigated, such conduct is always unreasonable."

First, with regard to Defendant/Movant's new argument of actual innocence, defense counsel was manifestly ineffective. Defense counsel did not even attempt to put together a theory to defend me, did not raise a obvious and important defense, and pressured me to take a plea to an offense I was factually innocent of committing.

A fellow inmate, who is not himself formally schooled in law, noticed and assembled the Actual Innocence claim contained within this

this pleading. How did my defense counsel <u>not</u> notice this plain and obvious defense to the charge against me? Defense counsel was and is a Bar certified attorney and <u>only</u> blatant and willful ineffectiveness could explain his "inability" to see this defensive argument.

Second, Defendant/Movant has been attempting without success to get a copy of the discovery in CR-15-00924-PHX-GMS. It is Defendant/Movant's firm contention that there <u>is</u> information within that discovery which will <u>prove</u> that no firearm was used in furtherance of a drug trafficking crime.

Defense counsels failure to see this shows his ineffectiveness and the discovery can only support my Actual Innocence claim.

Third, Defense counsel conveyed to Defendant/Movant that had paying clients which were more important to him than Defendant/Movant. This shows bias and ineffectiveness.

Fourth, in reference to Ground One of Defendant/Movant's original 28 USC § 2255 motion, how <u>could</u> I be charged with violation of 18 USC § 924(c)(1)(A)(i) without the required predicate offense? This is the basis of my Actual Innocence claim and should have been evident to defense counsel.

Fifth, as to Ground Three of the original 28 USC § 2255 motion, to Defendant/Movant's knowledge defense counsel never interviewed the Confidential Informant in CR-15-00924-PHX-GMS. The informants bias and prejudice toward Defendant/Movant would have been plain and evident if defense counsel had interviewed him. I asked defense counsel to question the informant and this was not done. How is this not ineffective assistance of counsel?

Wherefore, for all the foregoing reasons the Defendant/Movant respectfully requests that his conviction and judgment be set aside as void, with prejudice.

Respectfully requested,

*[signature]*

Parris Frazier #45847-408
FCI - La Tuna
P.O. Box 3000
Anthony TX 88021

CERTIFICATE OF SERVICE

This is to Certify that this motion was sent to the:

Clerk of the Court
Sandra Day O'Connor US Courthouse
Suite 130
401 W. Washington St., SPC-1
Phoenix, AZ 85003

Done this the 14Th day of July, 2017.

*[signature]*

Parris Frazier, Pro Se.